We have five cases on the calendar this morning. Two from the Court of Veterans' Appeals, one of which has been submitted on the briefs and the other argued. One from the Clems Court, one from the PTAB, one from the District Court. Our first case is from the Court of Veterans' Appeals. Orville Thomas for Secretary of Veterans Affairs, 2022-1504. Mr. Adick. Thank you, Your Honor. May it please the Court. Mr. Thomas asked the Court to find that the Veterans' Court erred when it found that he failed to meet his burden of persuasion in showing board error. Mr. Thomas did, in fact, meet his burden of persuasion before the Veterans' Court. He pled his error with particularity, specifically that the board provided inadequate reasons and bases for its failure to consider an applicable effective date rule under 3.156C. How is your case distinguishable from Kaiser II? Primarily in the fact that Kaiser lays out the substantive, the merits of the law. It is not really at issue here beyond that because this case is not procedurally postured the same. In other words, by the time that Kaiser II was decided, the board had made findings of fact and law on the issue of 3.156C, new and relevant, in whole or in part. And those were reviewed by the Veterans' Court, and then ultimately the Veterans' Court determination was reviewed here, and then ultimately the Supreme Court. This case is different because we don't have any findings of fact or law by the board in the first instance, and that's where that finding should have occurred. There's no mention that there were even new service records in the board decision. There's no mention of 3.156C whatsoever in the board decision. Was there any argument that once the service records were submitted to the board that they were relevant to the PTSD claim? To my knowledge, the only argument made before the board was in a written statement by the Veterans' Representative in December of 2017 that appears at, I believe it's at Record Appendix 103. And in that, counsel for appellant wrote that they believed that 3.156C applied because the new records were new and relevant to the reasons for the denial of the 1971 records. And that the board should consider them for the effective date. I don't know that there was any argument made as to the relevance to the PTSD claim, but I don't know that that was necessary for counsel to have made that argument before the board. It's a non-adversarial system before the board, and all that's required under the regs at the time in the legacy system is... But there is a difference between making an argument and simply stating, here's some new service records that are related to my prior claim for PTSD. Certainly there is, Your Honor, and I would agree that an argument, should this case go back, an argument to the board as to why those are relevant would be helpful to the board in making that determination. Is there any minimum or maximum levels of argument that have to be made in order to, for the 3.156 to invoke? If you look at the courts, the Veterans' Courts history, what they have historically required is that that regulation be potentially applicable. And the mere existence, and we've outlined several non-precedential cases where the board has applied that, that said that it's the existence of those service records which triggers the discussion of it. Not necessarily the finding that there's an earlier effective date entitlement, just the discussion of it by the board. So that is the minimum threshold to discuss the issue of law in that case, whether or not 3.156C applies. And that's what's missing in this case, is any discussion of whether that applies. Maybe they didn't even see these records. Maybe they saw them and thought that they weren't new. Maybe they thought they weren't relevant or that they didn't contribute in whole or in part to the basis for, to the change in the basis for denial. We don't know that because the board never explained the reasons why it never addressed this regulation in the first instance. Counsel, we're all aware that Veterans' cases take a long time. They go up and down, and Veterans wait forever for a final decision. And I'm wondering if an appeal like this is more like, like a, no offense, but sort of lawyers, lawyers working in the interstices, poking at technicalities. The RO found that there was no evidence to counter the determination that the problems were due to unstateable circumstances. Unstateable personality rather than PTSD. The Veterans' Court said, OK. There was failure to mention 3.156C. But if we send it back, isn't it going to result in the same determination that there's a, I mean, two tribunals have decided that there was no showing that it was due to unstateable circumstances. It was due to PTSD. Your Honor, I appreciate the concern of the length of time that this case has been opening. I was commenting to counsel that the Veterans' first claim was filed just about a year before I was born. So it is a very long process, and it is very arduous. And the concern here is that while the RO may have made comments as to the applicability of these new service records, and while the court itself may have made some commentary on it, the one forum that's required by law to do that is the board, and the board did not do that. And that's what we're asking for here, and I think that veteran is entitled to this as a matter of law, as a statement of the material, of the adequacy of the reasons and bases for material issues of law, in fact, by the board, so that he can then in turn go to the court if he disagrees with those, and pursue his appeal there under some standard of judicial review. Here in this case, we have no idea what standard to argue at the Veterans' Court, because we don't know why the board didn't consider these. And that's what the law requires. Certainly, the VA did address it in the statement of case. In the VA-9, coupled with a statement from the representative just three months earlier, it was clearly at issue before the board, and the law requires the board to address that. The Court of Appeals found, said that the board found no evidence of an unadjudicated claim for service connection to PTSD between a particular period that might justify an earlier effective date, but noted it did not address 3.156C. So we send it back and address 3.156C, and same results. It's impossible to know, Your Honor. It's impossible to know. It's very possible that the board could look at this and say that, in fact, these records are new, that they are relevant to the prior denial, and the fact that the basis for the prior denial, in this case, in April of 71, was that the veteran had some developmental emotional instability, suggesting a preexisted service. And these new service records showed a very stable emotional person up until this plane wreck in 1961. So there's a strong arc. I'm intrigued whether the statement that Judge Rory read, whether the Court of Veterans Affairs claims made a factual finding. That that's a statement of a factual finding. Do you have anything to say to that? I think the Court was careful to say that it wasn't making a finding of fact. I think, in reality, it did. I think, in reality, it said that these records weren't relevant, because if it had gone a different direction, it would have had to remand to address further the regulation. But it wasn't the court's job to do that. Effectively, what's happened here is that the CAVC, the Veterans Court, has reviewed a decision the board never made. And in doing so, has violated, in some respects, the Chenery Doctrine. We didn't plead that specifically, because the standard of review and the application of it is how the court did that. And so I think, from my assessment, that the court did, in fact, make a finding of fact, and did, in fact, conclude that 3.156C did not apply, because it believes that the records aren't relevant, and it believes. But it was careful to say that it did not, and that's the ambiguity that's problematic in this decision, is that we don't understand the factual basis for the failure to consider this particular regulation. The board cannot, I'm sorry, the court cannot make findings of fact in the first instance as a matter of statute. And they can only review the ones the board did. We don't have either of those things in this situation. And so those have both prejudiced Mr. Thomas. Specifically, the Veterans Court decision prejudices him, because it limits his ability to get a finding of fact, which can be reviewed by the Veterans Court, or a determination. If the board, in fact, believes that this regulation doesn't apply, because the records aren't favorable, and wants to make that determination and say, these records don't appear favorable to him, so we're not going to apply 3.156C, that's a determination of law that the board should make and allow us to review before the Veterans Court. And so we're entitled to that, to be able to understand. Now, it could be, Judge Laurie, that the board does come back and makes a very thorough analysis and explains in a very persuasive manner that the appellant might look and say, I accept that, and would not appeal. It could very well happen. I would like that to happen, at least, regardless how it turns out, I would like to see the board have that kind of analysis, because I think that's what the veteran is entitled to statutorily, is a decision that lays out, what are the material issues of law and fact, how are we reasoning these, so that the veteran can look at that and see if there's been an error, and determine whether he wants to appeal to the Veterans Court. As it stands now, he goes to the Veterans Court, and he's basically having to shoot in the dark to find some thing. He could have argued in his brief to the Veterans Court that these records were, in fact, relevant, and the court might have looked and said, well, you didn't address why they were, whether they in whole or in part, contributed. And it becomes a guessing game at the Veterans Court, and this is not supposed to be a trap for the unwary, particularly at a federal appellate court, which should adhere to those standards of review. And so we ask this court, I see I'm into my rebuttal time. I'd like to reserve the remainder of time for rebuttal, unless the court has further questions. Fine, thank you, Mr. Helman. Good morning, your honors, and may it please the court. This court should dismiss Mr. Thomas' appeal for lack of jurisdiction, because the Veterans Court's application of established precedent from this court to the facts of Mr. Thomas' case is not reviewable by statute. 38 U.S.C. 7292 precludes this court from reviewing factual findings. It sounded like opposing counsel was making a legal argument. Why do you contend he isn't making a legal argument right now? Well, for several reasons, your honor. His legal argument is really the application of this. It's whether Kaiser applies or not. I suppose sort of writ large, that could be a legal argument, but he's really challenging sort of the facts and how the Veterans Court applied Kaiser and whether the board did and what the RO did. Those are, at most, the application of lots of fact, which is also outside this court's jurisdiction. So he's not, contrast the Kaiser case where there's a question of what relevant means in the context of relevant service department records. That was a legal question that this court reviewed. Here, that question has already been addressed. He's essentially saying, well, Kaiser doesn't apply or does apply, but that's the application of lots of fact. So it's one step removed from that more abstract general legal proposition. Who made that decision in this case? That the reconsideration provision of 3.156C does not apply? Two tribunals, your honor. First, the RO, and this is at Appendix 99. Mr. Thomas's attorney at the regional office argued that there should be reconsideration, and the RO thoroughly considered it, considered the service department records and said it doesn't apply because it doesn't go to the basis for the denial of the claim in 1971. Then the Veterans Court, I believe it was Judge Lori referred to part of that judgment, said that 3.156C does not apply because the service department records don't go to the basis for the denial. In fact, Mr. Thomas still doesn't say how those records are relevant. He never makes a relevance argument, which is required by 3.156C. Is he required to make a relevance argument? Yes, the service department records have to be relevant. No, that's different. If he submits the records and says these are my service records, does he have to do anything more than that? He submits his service records, but the service records have to be relevant. Okay, that's my first question to you. Who decides whether they're relevant or not? It could be any number of tribunals. Here the RO considered those. It could be a factual finding. The RO reviewed the records and made a factual finding that they were not relevant? That's correct. This is at Appendix 99, where the RO says that Mr. Thomas' attorney argued that 38 CFR 3.156C demonstrates entitlements on earlier date, and the RO says, no, that's not correct. These are not relevant service department records because they don't go, they don't counter the determination that occurred in 1971. That earlier denial of his PTSD claim, much like in Kaiser. And where's the regulation that imposes an obligation on the veteran to make the relevancy argument? The regulation is 3.156C, Judge, that says that service department records have to be relevant. But you're saying that it's the veteran that's got to make that argument. Well, I'm actually saying, I'm not saying the veteran necessarily has to make that argument. The records have to be relevant under regulation. I was asking you, what's the limit of the argument that the veteran has to make? Other than to submit the records and say, these apply to my PTSD disability, and they go to the issue of a service connection for an earlier date of service connection. Sure, and the veteran at the RO level doesn't have to articulate because the veterans sometimes are not represented by attorneys. Although in this case, Mr. Thomas was represented by an attorney. But he did not have to articulate. But the RO considered the regulation and said that these service department records are not relevant. And so once you have that determination that they're not relevant, 3.156C is not triggered. That's enough. That's all the RO has to do is to say they're not relevant. Does that have to provide a reason or any basis? The RO here did provide a reason. Although I suppose if the reason is apparent from the face of the records, much like here, they don't go to the denial of the earlier claim, then it's sufficient, I would say, for the RO to say they're not relevant because the reason is apparent from the face of the records. In terms of just the timeline on Kaiser II, my understanding is it was a decision issued after the board issued its order in Mr. Thomas' case. Do you agree with that timeline? Kaiser II was, that's right. That said, Kaiser I, which also held... The issue in Kaiser was what is meant by relevant. And the first panel of this court to consider Kaiser said that the relevance requirement means that the service department records have to go to... They have to be relevant. They have to matter to the basis for the denial. Now, the first panel did that in light of deference to the agency. Supreme Court granted cert on that and decided only the deference question. It didn't decide what 3.156C means. In fact, that was one of the grounds that they sought cert on, and I believe that was not granted. It was just the agency deference question. When it came back to this court, Kaiser II again said relevance. There was a dispute, and Judge Reyna, you were on that panel, as to what the... How to define relevance and where that came from. But the operative question here, Judge Cunningham, is whether service department records have to be relevant. That has been a requirement since Kaiser I. The RO, that requirement is part of the regulation. It says the service department records have to be relevant service department records, and that's what the RO concluded here in 2018. That's what the Veterans Court affirmed when it looked at it later. What was the basis of that decision, that they were not relevant? The basis is they don't go to the denial of the claim in 1971 because there is no PTSD diagnosis. Much like in the Kaiser case, the denial was because there is no PTSD diagnosis. The service department records go to his service, the plane crash, all that. Those are not part of the consideration of the PTSD, correct? The first finding. I'm sorry, you're referring to which, in Mr. Thomas' case? Right. Those service department records were not, the service department records that he attached in 2014 were not part of the consideration. But the facts that those service department records contain, specifically the fact of the plane crash, that was known in 1971 when he got his first diagnosis. It was known that he was in a plane crash, that he was one of the few individuals that survived, that nine individuals, some of which had been his subordinates. You're quoting actual findings that we should find on the record? This court does not make factual findings. I mean, the RO, or the board. Sorry, I understood your question. Show me in the record where the board made findings based on the plane crash, where the veteran was sitting when the plane crashed. The board did not, but the board is not required to. How do we know that they even considered him, just because they say that? Well, you know that the RO considered him because it has a discussion of it. The board, as the Veterans Court pointed out, the board does not. The board discusses the service records? The board decision does not discuss the service records. So they never have been part of the decision of the VA? That's not correct. The VA's decision is what the RO did and the board decision. So the RO expressly considered these service records and said they're not relevant. Now the board is silent on this regulation and the records, but that's still part of the VA decision, is what the RO did and what the board did. You do not dispute that the 38 CFR 3.156C was raised on the record before the board, correct? So we don't have what was Mr. Thomas' brief or what he provided to the board specifically. It was certainly raised, his attorney raised it to the RO and the RO considered it. And so by that it was reasonably considered, it would have been reasonably considered raised to the board, but if those service department records aren't relevant, that regulation isn't triggered. So the board doesn't have to consider all regulations that aren't applicable. And here 3.156C is not applicable because the service department records weren't relevant. So 3.156C is the reconsideration provision that's meant to place the veteran back in the same place he would have been and have these records been available. But here the basis for the denial in 1971, it wasn't that there was lack of evidence of a plane crash, it was that he didn't have PTSD diagnosis. And these service department records don't overcome that. We've not heard an argument yet as to why these records are relevant to the basis for the denial. Mr. Thomas simply wants sort of an automatic remand to have the board, as Judge Lori pointed out, dot the I's and cross the T's. The regulation does require that the claim be reconsidered, that the VA reconsider upon the submission of relevant official service documents, right? Yes. And you're arguing today that the board made a consideration as to relevancy. And it sounds to me that you're saying that that in effect is the reconsideration. No, Your Honor. First the VA has to establish relevancy. Then, under your argument, they have to reconsider. If the records are relevant, they have to reconsider. They have to win on the issue of relevancy. Because the regulation says relevant service department records. Show me where the veteran has to win on that particular issue. This is Kaiser 2. It says if the records aren't relevant, you don't get reconsideration. Because otherwise, every time you get a new service department record that's duplicative of what's already been considered, you're going to get reconsideration. The other side is going to say we never got the chance to argue relevancy. And they're going to say, and if that's the case, what would be your response to that? My response is what I've said several times already is that they have not argued relevancy. They have not explained relevancy, and they still don't explain relevancy. And the Veterans Court pointed that out pretty clearly. It says they still don't argue how these are relevant. They seem to think that 3.156C is some sort of automatic reconsideration. Every time you submit a new slip of paper, you get to go back and have your claim reconsidered. Why are you, I guess, fundamentally opposed to them being able to have the remand and get some further explanation on what's going on? I could see why they'd be concerned, because of just how long it takes for these cases to actually get to a conclusion. But what is your concern? That's our concern, too, Judge. Remand here would be futile. It would waste agency resources. The VA already has a fairly extensive caseload. Two tribunals have already said these records don't go to the reason your claim was denied. That's what the law requires, to have yet another intermediate body say the same thing and to have it then come up on appeal, that wastes agency resources. This is an agency that's trying to help the majority of veterans. That's because if we remand, the agency is just simply going to dot their I's and cross their T's. That's almost ludicrous. Why should we overlook the misapplication of law in order to ease the administrative burden of the very agency that's supposed to be looking out for the interests of the veterans? To be clear, Judge Reynon, nobody's asking this court to overlook the misapplication of law. There's been no misapplication of law. The RO expressly considered the very records that Mr. Thomas says are presented, that were associated with this file. He had an attorney argue that these records entitled him to an earlier effective date. The RO said, no, these records aren't relevant. They don't go to the basis for the denial. Kaiser too, the law is that the records have to be relevant. One of those reasons would be that they go to the basis for the denial. That's not the case here. It's really just an exercise in futility to send this case back. If this court has no further questions, we respectfully request that the appeal be dismissed for lack of jurisdiction or affirmed in the alternative. Thank you, counsel. Mr. Addick has the final time. I want to clarify a couple of points that my colleague made. He indicated that the basis of the prior rating decision in 1971 was the absence of a PTSD diagnosis. That's not factually accurate. The basis was that the veteran had a developmental emotional instability. It did not even mention PTSD. The service records that Mr. Thomas submitted with his claim to reopen in 2014 were part of the RO's consideration. In fact, at Appendix 73, the RO specifically states, records received June 16, 2014 with stressor information. Specifically, he's talking about a PTSD stressor. The statement of the case did not mention the word relevance in terms of the agency's finding. This is somewhat immaterial because the court reviews board decisions, not agency decisions, and certainly not statements of case, but it didn't find that they were relevant. It said, essentially, that they did not contribute, to our reading, did not contribute in whole or part to the reason for the prior denial. That's subject to interpretation, and that's why we want the board to comment on this to be able to say, were these records new? Were they relevant? Did they contribute in whole or part? And give Mr. Thomas an opportunity to see if the VA is making the correct decision, and specifically the BVA. That's ultimately the case. How on earth could we possibly know that, Your Honor? There's ample reason to believe that we don't have to prove relevance to this court. Certainly, even if we did, it would be, I think, wasted breath because this court cannot make factual determinations. But I will tell you, there's at least an arguable, colorable argument as to the relevance of these records that says, you have a conditional emotional instability since childhood, and he submitted evidence showing that he's emotionally stable all the way through service up until this accident happens, suggests there's at least minor relevance. Now, the court doesn't even need to consider that because we do ask this court to affirm what, I'm going to mispronounce this, I'm sure, Schafer says, that in order to provide a material statement, an adequately reasoned statement of a material issue of law, the court has to address reasonable, or regulations that are potentially applicable. If they were addressing evidence, then I think we're looking at the Calusa standard of favorability of evidence, but here we're looking at potential applicability. The mere existence does not trigger an earlier effect of date. Absolutely not. But the mere existence... The other side is arguing that they did make, they met their obligations under the regulation. You're arguing that they never provided the basis, the decision by which we can even appeal, or come back and ask for further action. If we remand this, and you heard today the expressions that probably what's going to happen is the agency's just going to dot the I's and cross the T's. They're going to explain why they made their earlier decision. And so it's kind of like, what's the use argument that's been made? What's your response to that? Well, I think, first of all, my first response to that, Your Honor, is somewhat esoteric of, what's the use of any of it then? If the VA can simply say, we deny this, and ultimately they're going to continue to deny it, what's the use of any judicial review? The use is that Congress has said that they expect the Board to make these findings of material issues of law. In fact, the Board's obligated to comply with that. The second thing is that, two pieces, I would say, is, first of all, I can almost assure this Court that when this goes back, if this goes back to the Board, that there will be argument from the counsel as to relevance, that they will lay out this argument, because we now have the standard in Kaiser II. Even had the VA in their statement of case, and even had the Board addressed relevance in writing, there could still be a question before this Court whether they applied the correct standard, if Kaiser II changed it, or changed it substantially or materially. We don't know, because this case was decided prior to Kaiser, so we don't even know how the Board considered relevance to even determine if it applied the correct Kaiser II standard. So that's ultimately, I think that there's... You haven't briefly addressed opposing counsel's argument that it's really application of law to fact, as opposed to a legal issue that you're bringing to this Court. The difference is that there has been no finding of fact on 3.156C by the Board, who is part of the agency required to do it. Without a finding of fact, the Veterans Court cannot apply law to facts that have never been made, unless it violates Chenery and makes a decision that the Board didn't make. So there is no fact to review at the Veterans Court, and there certainly is no fact to review here the Court can't. So that would be the difference, Your Honors, that we're specifically making a legal error argument, saying that the Court exceeded its... Let me not say it that way. The Court failed to apply the correct standard of review, and that is a pure question of law. And with that, we ask the Court to reverse the decision of the Veterans Court and remand it for further adjudication from the Board to determine whether or not 3.156C does apply, and if so, or if not, how. Thank you, Your Honor.